UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-60235-CIV-MARRA
(APPEAL FROM BANKRUPTCY CASE NO. 12-31375-BKC-JKO
ADVERSARY CASE NO. 13-01280-JKO)

In re:

LILLIANNE MARIE LORENZO,

     Debtor.

_____/


LILLIANNE MARIE LORENZO,

     Appellant,

v.

WELLS FARGO BANK, N.A.,

     Appellee.

_____/

## OPINION AND ORDER

Appellant Lillianne Marie Lorenzo ("Lillianne Lorenzo" or "Debtor") filed this appeal

challenging the Bankruptcy Court's Orders (1) denying the Debtor's motion for an extension of time

to answer Appellee Wells Fargo Bank N.A.'s ("Wells Fargo") adversary complaint ("Complaint");

(2) denying the Debtor's motion to vacate the default; and (3) entering a default judgment in favor

of Wells Fargo.  The issues are fully briefed and ripe for review.  For the reasons stated below, this

Court **AFFIRMS** the Bankruptcy Court's Orders.

## I. Jurisdiction

District courts have jurisdiction to review appeals from final bankruptcy court judgments,

orders, and decrees.  28 U.S.C. § 158(a).  Here, the Bankruptcy Court's Final Judgment is being

appealed.  Therefore, this Court has jurisdiction.

## II. Standard of Review

The district court reviews the factual findings of a bankruptcy court for clear error, and reviews *de novo* a bankruptcy court's conclusions of law of and application of the law to the particular facts of the case.  Fed. R. Bankr. P. 8013; *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).  Discretionary rulings, such as a denial of a motion for enlargement of time and denial of a motion to set aside a default judgment, are reviewed for an abuse of discretion.  *See Dial HD, Inc. v. ClearOne Communications*, 536 Fed. Appx. 927, 929 (11th Cir. 2013) (citing *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860–61, 863–65 (11th Cir.2004)); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  "A bankruptcy court abuses its discretion when it applies the wrong principle of law or makes clearly erroneous findings of fact."  *In re Kulakowski*, 735 F.3d 1296, 1299 (11th Cir. 2013) (quotation omitted).  While defaults are disfavored, an appellant cannot prevail simply because a bankruptcy court could have vacated a default.  *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295.  Rather, a showing that the lower court was required to vacate is necessary. *Id.*

## III.  Background

The Debtor states that she filed for a Chapter 7 bankruptcy on September 5, 2012.  The Debtor agreed to several extensions of time for Wells Fargo to object to the discharge.  On March 29, 2013, Wells Fargo filed its complaint to initiate an adversary proceeding arguing that pursuant to 11 U.S.C. § 727(a)(2), (3), and (4) the Debtor was not entitled to a discharge.  Specifically, Wells Fargo alleged that the Debtor:  (a) destroyed most of the records of Air Carrier Accessory Services, Inc. and ACAS-Denver, Inc., the companies of which Plaintiff was the sole shareholder and president, by smashing

a computer server with a hammer and shredding paper records; (b) concealed her ownership of non-homestead real property; and (c) gave false oaths regarding the real estate ownership and regarding the existence of an Air Carrier Accessory Services, Inc.'s bank account.  The Debtor states that she was personally served with process on April 2, 2013, and that on May 6, 2013, three days after a responsive pleading was due, Wells Fargo moved for a default.[1]  On May 9, 2013, the Debtor's counsel at that time filed a Motion for an extension of time to respond to the Complaint.  On May 16, 2013, the Bankruptcy Court held a hearing on that Motion, and indicated that the relief sought would be denied.  On May 29, 2013, the Bankruptcy Court entered the Order denying the extension because the "Debtor did not demonstrate that she failed to meet the answer deadline due to excusable neglect," and granting Wells Fargo's Motion for Entry of Default.  This is one of the orders now on appeal.

On June 7, 2013, the Debtor, through new counsel, filed her Verified Answer to the Complaint.  On June 14, 2013, the Debtor moved to vacate the default.  The Bankruptcy Court held a hearing on the Motion to Vacate Default on July 17, 2013, and denied it.  The Order memorializing this decision was entered on July 26, 2013, and this is the second Order now on appeal.  On September 16, 2013, Wells Fargo moved for a default judgment.  On October 24, 2013, the Bankruptcy Court held a hearing, and granted the relief sought.  The Final Judgment against the Debtor was entered on December 2, 2013, and this is the third Order now on appeal.

## IV.  Discussion

As a threshold matter, the Debtor argues that Wells Fargo did not serve her counsel with process as required by the Federal Rules of Bankruptcy Procedure, and therefore service of process

---

[1]On May 7, 2013, Wells Fargo filed another motion for a default, later withdrew both of these motions, and filed a Verified Motion for Default (DE 12 in 13-01280-JKO) on May 13, 2013.  However, this is immaterial to the resolution of this case.

was improper in this case.  The Debtor does not dispute that she was personally  served.  Also, the Debtor did not raise the issue of lack of service on her counsel below,[2] and this issue is therefore waived.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1302 (11th Cir. 2003).

**1. Order denying the Debtor's Motion for Enlargement of Time to respond to the Complaint**

Federal Rule of Bankruptcy Procedure 9006 gives the bankruptcy courts discretion to allow a late filing.  Fed. R. Bankr. P. 9006(b)(1); *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 382 (1993).  When a motion for an extension is made after the expiration of the deadline, the movant must show "excusable neglect" to be entitled to relief.  Fed. R. Bankr. P. 9006(b)(1) ("Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect").  The determination of what circumstances constitute "excusable neglect" is an equitable one, and the court must take all relevant factors into account.  *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These factors include the length of the delay and its potential impact on the case, the reason for the delay, including whether it was within the control of the movant, and whether the request is made in good faith.  *Id.*  A client must be held accountable for her counsel's acts and omissions.  *Id.* at 396-97.

---

[2] The Debtor did state in her Certification filed in the Bankruptcy Court that her counsel asked her for a copy of the Complaint.  However, this is not the same as raising an issue regarding lack of service upon the attorney.  Additionally, this statement was made after the Debtor's Answer to the Complaint had been filed.  By then, the argument of insufficient process or lack of service had been waived.  *See*  Fed. R. Bankr. P. 7012(b) (Federal Rule of Civil Procedure 12(b) applies to adversary proceedings); Fed. R. Civ. P. 12(b); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (defenses of insufficient process, insufficient service of process, or lack of personal jurisdiction must be asserted in a pre-answer motion, or in the answer).

Here, at the May 16, 2013 hearing, the Debtor's counsel admitted that both counsel and the Debtor were aware of the adversarial proceeding, and that the Debtor wanted to settle the matter. Then, the following exchange took place:

> THE COURT: What's the excusable neglect?
> [DEBTOR'S COUNSEL]: There is none.  She [Debtor] just wanted in good faith to try and settle, and then if that was not feasible, then she decided to go ahead and move forward with the litigation.

May 16, 2013 Tr., p. 4 (DE 11-2).

In light of these facts, the Bankruptcy Court did not abuse its discretion in denying the Debtor's motion for an enlargement of time to respond to Wells Fargo's Complaint.

## 2. Order denying the Debtor's Motion to Vacate Default

The Federal Rule of Bankruptcy Procedure 7055 makes the Federal Rule of Civil Procedure 55(c), which governs setting aside the entry of a default in adversary proceedings.  Fed. R. Bankr. P. 7055.  Rule 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c). The "good cause" standard of Rule 55 is less stringent than the "excusable neglect" standard of Rule 60(b).  *In re Newlin*, 416 B.R. 911, 914 (Bankr. M.D. Ga. 2009) aff'd sub nom. *Winchester v. Newlin*, 436 B.R. 236 (M.D. Ga. 2010).  Here, the Bankruptcy Court specified that the ruling was made under Rule 55 rather than Rule 60(b).  July 17, 2013 Tr., pp. 24-25 (DE 3).

> In order to determine whether good cause exists to set aside a default, courts in the Eleventh Circuit look to the following four pronged test:
> (1) Whether the defaulting party took prompt action to vacate the default;
> (2) Whether the defaulting party provides a plausible excuse for the default;
> (3) Whether the defaulting party provides a meritorious defense; and
> (4) Whether the party not in default will be prejudiced if the default is set aside.

*In re Newlin*, 416 B.R. at 915.

Here, the Debtor argued that shortly after she had been served with process, she talked to her former counsel, and was under the impression that counsel would do all that was necessary to handle the case.  In support of the Motion to Vacate Default, the Debtor filed her Certification stating that her original counsel discussed the Complaint with her on April 1, 2013, and that she left the meeting thinking that counsel was handling the case.  On April 17, 2013, counsel e-mailed the Debtor soliciting a settlement offer, which the Debtor made, and Wells Fargo rejected.  Also, on April 17, 2013, counsel requested a retainer of $5,000, with another installment of $5,000 to be made later.  On April 18, 2013, counsel asked the Debtor for a copy of the Complaint, which the Debtor sent.  Thereafter, the Debtor was preoccupied by caring for her mother who was seriously ill.  The Debtor only paid her counsel after she had received a copy of Wells Fargo's Motion for Default.

At the July 17, 2013 hearing, through new counsel, the Debtor argued that she thought that her former attorney would respond to the Complaint even though she had not paid the retainer; that she would be prejudiced tremendously if the default is not vacated, while Wells Fargo would suffer little prejudice; and that she had a meritorious defense.  The Bankruptcy Court found that the Debtor willfully chose not to pay her former counsel until after the deadline to respond to the Complaint had passed.  This was not an abuse of discretion.

With respect to the defenses to the allegations that the Debtor had destroyed records, there was no dispute that the destroyed records belonged to the Debtor's businesses, of which she was the sole shareholder, and that the destruction occurred more than a year prior to the filing of the Debtor's bankruptcy petition.  Thus, the Debtor stresses that the Bankruptcy Court should have applied 727(a)(7), which contains a limitation period of one year prior to the filing of the petition, rather than 727(a)(3), which contains no such limitation.  These provisions state:

6

(a) The court shall grant the debtor a discharge, unless--

. . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

. . .

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;[3]

11 U.S.C.A. § 727(a) (West).

Under section 727(a)(3), a debtor may be denied discharge for failure to maintain records sufficient to ascertain the debtor's financial condition with accuracy. *See* 11 U.S.C.A. § 727(a)(3); *In re Nipper*, 186 B.R. 284, 289 (Bankr. M.D. Fla. 1995); *In re Bishop*, 420 B.R. 841, 850 (Bankr. N.D. Ala. 2009). A plaintiff must establish "(1) either that the debtor failed to keep or preserve any recorded information, including books, documents, records and papers, or that the debtor or someone acting for him destroyed, mutilated, falsified, or concealed any recorded information including books, documents, records and papers; and (2) that as a result, it is impossible to ascertain the financial

---

[3]The definition of the term "insider" is found in section 101(31) of the U.S. Bankruptcy Code. *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460, 476 (S.D. Fla. 2013) aff'd sub nom. *In re Kane*, 755 F.3d 1285 (11th Cir. 2014). It means:

    (A) if the debtor is an individual--
    (i) relative of the debtor or of a general partner of the debtor;
    (ii) partnership in which the debtor is a general partner;
    (iii) general partner of the debtor; or
    (iv) corporation of which the debtor is a director, officer, or person in control;

    (B) if the debtor is a corporation--
    (i) director of the debtor;
    (ii) officer of the debtor;
    (iii) person in control of the debtor;
    (iv) partnership in which the debtor is a general partner;
    (v) general partner of the debtor; or
    (vi) relative of a general partner, director, officer, or person in control of the debtor;
11 U.S.C.A. § 101(31) (West).

condition and material business transactions of the debtor." *In re Liu*, 288 B.R. 155, 161 (Bankr. N.D. Ga. 2002) (quotation omitted). "While it is the law that a debtor's discharge may not be denied solely on the basis of lack of corporate records, this does not mean that a debtor's corporate records cannot be the basis for denying a debtor's discharge" under section 727(a)(3). *In re Bishop*, 420 B.R. 841, 851 (Bankr. N.D. Ala. 2009). Therefore, the Bankruptcy Court did not err in applying section 727(a)(3) in this case.

Moreover, the Debtor was the sole shareholder of her businesses. Wells Fargo maintained that the Debtor had admitted in her deposition that her personal expenses were paid using business funds. In the Complaint, Wells Fargo acknowledged that the Debtor provided copies of bank statements, financial statements, and tax returns, but argued that these were insufficient to ascertain the Debtor's financial condition. The Debtor stated in her Certification that her "accounting professionals had no trouble determining relevant financial condition using the records [she] retained." Cert., ¶ 16. However, the Debtor never explained what particular records she had retained, and why these available records were sufficient. The Debtor's vague assertion does not establish a meritorious defense. *See In re Durango Georgia Paper Co.*, 314 B.R. 881, 884 (Bankr. S.D. Ga. 2004) ("In determining whether [d]efendant might assert a meritorious defense to the action on which it has defaulted, [d]efendant has a higher burden now that default has been entered than if it filed a timely answer"). Overall, the Bankruptcy Court did not abuse its discretion in denying the Debtor's Motion to Vacate Default.

**3. Final judgment in favor of Wells Fargo**

A defaulted defendant is deemed to have admitted plaintiff's well-pled allegations. *See In re*

*Jawish*, 260 B.R. 564, 568 (Bankr. M.D. Ga. 2000). However, in order for the court to be able to enter a default judgment, the well-pled allegations must be sufficient to entitle plaintiff to relief against the defaulted defendant. *See In re Alam*, 314 B.R. 834, 842 (Bankr. N.D. Ga. 2004). If discharge is unavailable under any one subsection of 11 U.S.C. § 727(a), it is not necessary to address other bases. *See In re Protos*, 322 F. App'x 930, 932 (11th Cir. 2009) ("A finding against the Appellant under any single subsection of section 727 is sufficient to deny him a discharge"); *In re Stevens*, 250 B.R. 750, 756-57 (Bankr. M.D. Fla. 2000) (finding sufficient evidence to deny discharge under section 727(a)(4) and declining to address plaintiff's section 727(a)(2) claim).

Here, well-pled allegations of the Complaint establish that the Debtor destroyed financial records of her business; that business funds had been used to pay the Debtor's personal expenses; that the Debtor was a sole shareholder of the business; and that the financial records the Debtor did submit were insufficient to ascertain her financial position. Accordingly, the Debtor was not entitled to a discharge under 11 U.S.C. § 727(a)(3), and the Bankruptcy Court did not err in entering the final judgment in favor of Wells Fargo on this basis. This Court need not address other claims and arguments.

## V. Conclusion

In sum, it is hereby **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Denying Debtor's Ex Parte Motion for Enlargement of Time to File Response to Wells Fargo Bank, N.A's Complaint [ DE 10] and Granting Plaintiff's Verified Motion for Entry of Default [DE 12]; Order Denying Motion to Vacate Default; and Final Judgment after Default against Lillianne Marie

Lorenzo are **AFFIRMED**.  The Clerk shall **CLOSE** this case.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of September, 2014.

_____
KENNETH A. MARRA
United States District Judge